S. D. CHILDS & COMPANY, APPELLEE, v. OMAHA PARAPHERNALIA HOUSE, APPELLANT.

FILED FEBRUARY 6, 1908. No. 15,066.

1. **Contracts:** CONSTRUCTION. The words "as soon as possible" in a contract for the manufacture of certain specified goods mean "with all reasonable diligence" or "without unreasonable delay."
2. **Evidence** examined, and *held* sufficient to sustain the findings and judgment of the district court.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Carr, McKenzie & Howell,* for appellant.

*Richard S. Horton, contra.*

FAWCETT, C.

This suit is based upon an order received by appellee from appellant to manufacture 300 masonic levels, or

46

plumbs, as they are sometimes designated in the record. There was a trial to the court, the intervention of a jury being waived. From a finding and judgment in favor of appellee, appellant prosecutes this appeal.

The record shows that on January 6, 1905, appellant addressed to appellee the following letter: "Omaha, Nebraska, Jan. 6, 1905. S. D. Childs & Co., Chicago, Ill. Gentlemen: Inclosed you will find sketch of masonic level for which you will kindly make me 300 as soon as possible. Omaha Paraphernalia House." The masonic levels referred to were to be made of aluminum, and to be printed according to a sketch furnished appellee by appellant. They were designed for use on January 26, 1905, at the forty-eighth anniversary of Capitol Lodge No. 3, Omaha. The evidence shows that the order contained in the letter of January 6 was received by appellee on January 10. On January 20 appellant wrote the following letter: "Omaha, Neb., Jan. 20, 1905. Mr. S. D. Childs & Co., 200 Clark St., Chicago, Ill. Gentlemen: I desire to call your attention to the fact that the masonic plumbs should be here in plenty of time for delivery on Jan. 25th, so do not disappoint me by not having them here by that time. Sincerely, (Signed) Charles Callanan." This letter was mailed to appellee and received by it about 10 o'clock in the forenoon of the next day. The witness Charles Callanan, secretary of appellant, testifies that on the morning after writing the letter of January 20 he discovered that he had made a mistake in fixing the time for delivery as late as January 25, and immediately sent appellee the following telegram: "S. D. Childs & Co., 200 Clark St., Chgo. Ship masonic plumbs today sure. Will hold their meeting Monday night. (Signed) Omaha Paraphernalia House." The witness Greenberg, manager of appellee's manufacturing department, testified that on receipt of that telegram they immediately wired appellant as follows: "Omaha Paraphernalia House, Omaha, Neb. Impossible to ship until Monday. S. D. Childs & Co." And also followed that telegram with the following letter: "Jan. 21,

1905. Omaha Paraphernalia House, Omaha, Neb. Gentlemen: Answering your telegram of even date, it is utterly impossible to ship the PLUMBS today. The date specified was the 26th, and we expected to ship on the 25th, so they would be on hand the next day. We will, however, send them on Monday, so they will reach you Tuesday. To have sent them today would have been to spoil them, as it takes several days for the ink to dry on aluminum. Regretting we could not accommodate you, and hoping they will be there in plenty of time for use before the 25th, we remain, Yours very truly, (Signed) S. D. Childs & Co." On receipt of the above telegram appellant wired appellee as follows: "Omaha, Neb., Jan. 21, 1905. S. D. Childs & Co., Chicago, Ill. Can't use unless in Omaha Monday morning. Omaha Paraphernalia House."

The above constitutes the entire correspondence between the parties. Mr. Greenberg testifies that on receipt of the order on January 10, "This order was placed in our factory in its regular course. It was an article that required special work from beginning to end, something different from anything we had ever manufactured before. It required to be made by hand, to have special dies for stamping same, and to have special printing plate made. No one part of this work could be performed until the preceding part was completed, and printing on aluminum, owing to the fact that aluminum does not absorb ink, is a very difficult process. All the ink on aluminum work remains entirely on the surface, and as a consequence requires considerable time for drying." He also testifies that they started the work immediately after the receipt of the order, and constantly followed it up, as is their custom on all time work. He also says that the goods were complete and in the drying rack at the time they received appellant's letter of January 20 and their first telegram of January 21, and that appellant's second telegram did not reach him until 4:45 P. M. of that day, after their factory had closed for the day; and that they

shipped the levels on Monday, January 23. By stipulation of the parties it is agreed that the levels reached Omaha by express on the afternoon of January 24, after business hours. Mr. Callanan, secretary of appellant, testifies that he did not go to the express office for the levels, nor call the express office up by telephone, nor make any inquiries in regard to them. He says: "I paid no further attention to them when I got word. I answered that telegram, and said if the goods were not here Monday I could not accept them. I paid no further attention until they were brought for delivery along the latter part of the week."

It will be seen from the above statement of facts that the masonic anniversary was held on Thursday, January 26; that the levels reached Omaha on the evening of the 24th, and could have been obtained from the express office on the morning of the 25th had appellant so desired. But appellant made no effort to obtain them, relying upon its second telegram of Saturday, January 21, as a cancelation of its order, and as releasing it from all obligations to take the levels. Appellant's contention is that, when appellee received the order to manufacture the levels "as soon as possible," it was bound to do it immediately, and, not having done so, that appellee is not entitled to recover for the work done. We do not think that an order sent to a manufacturing company to manufacture a special article "as soon as possible" means "immediately," or that the company must stop all its other work and devote itself to that particular order; but that, as stated in *Rhodes v. Cleveland Rolling-Mill Co.*, 17 Fed. 426, cited by appellant, the term "as soon as possible" means "with all reasonable diligence" or "without unreasonable delay." And, as stated in that case, it must also be said here, "There is nothing in the proof in this case to show that there was any unreasonable delay." The record fails to disclose any facts even tending to show that appellee was in any manner negligent, or that it unnecessarily delayed the filling of the order it had received from appellant.

There was nothing in the letter of January 6 or in the letter of January 20 to advise appellee that appellant was purchasing these levels for purposes of sale. The design furnished showing upon its face that the levels were for use on January 26, appellee could well assume that if the levels were received in time for use on that date, or, at most, by the day preceding, the delivery would be in ample time. The levels were, in fact, delivered in Omaha upon the 24th, and we are unable to discover in what manner appellant was damaged, except by its own refusal to receive the articles that had been manufactured under its order.

The complaint of appellant is that the judgment is not sustained by sufficient evidence, and that it was incumbent upon the appellee in making out its case in the court below to show a strict compliance on its part with the terms of the contract, and that, as a matter of law, the court erred in finding that the appellee had complied with that part of the contract requiring it, the appellee, to make the goods "as soon as possible." We think it is clear that these contentions must be decided adversely to appellant.

We therefore recommend that the judgment of the district court be affirmed.

AMES and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.